DECISION AND JUDGMENT ENTRY
This accelerated case comes before the court on appeal from the Williams County Court of Common Pleas.
In 1997, appellant, Matthew W. Shaffer, was convicted of robbery and sentenced to a three year prison term. On February 25, 1999, appellant was granted judicial release and placed on community control for five years. Among the conditions of appellant's supervision was a requirement that he inform his supervising officer of any changes in his address, a requirement that he give his supervising officer twenty-four hours notice before leaving the state of Ohio, and a requirement that he not use illegal drugs. On May 20, 1999, appellant was charged with violating his community control when he failed a random drug test. Appellant failed to appear at his probable cause hearing and ultimately was found in the state of Arizona.
On June 16, 1999, appellant was indicted on one count of escape, a violation of R.C. 2921.34(A)(1) and a third degree felony. Appellant's oral motion to dismiss the indictment was denied. Appellant then entered a no contest plea to the indictment. He was found guilty and sentenced to one year in prison. Appellant now appeals and sets forth the following assignment of error:
 "THE LOWER COURT ERRED IN DENYING APPELLANTS MOTION TO DISMISS THE INDICTMENT CHARGING AN ESCAPE VIOLATION UNDER O.R.C. 2921.34."
R.C. 2921.34(A)(1) states:
"Escape.
 (A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."
Appellant contends that supervised probation does not constitute detention for purposes of R.C. 2921.34(A)(1). In support, appellant cites to the 1974 Committee Comments to Am.Sub. H.B. No. 511 regarding the definition of detention. However, these comments pertain to an old statute. The version of R.C. 2921.01(E) applicable to this case includes supervised probation in the definition of "detention."
 "Detention" means arrest; confinement in any vehicle subsequent to an arrest; confinement in any public or private facility for custody of persons charged with or convicted of crime in this state or another state or under the laws of the United States or alleged or found to be a delinquent child or unruly child in this state or another state or under the laws of the United States; hospitalization, institutionalization, or confinement in any public or private facility that is ordered pursuant to or under the authority of section 2945.37, 2945.371
[2945.37.1], 2945.38, 2945.39, 2945.40, 2945.401 [2945.40.1], or 2945.402 [2945.40.2] of the Revised Code; confinement in any vehicle for transportation to or from any facility of any of those natures; detention for extradition or deportation; except as provided in this division, supervision by any employee of any facility of any of those natures that is incidental to hospitalization, institutionalization, or confinement in the facility but that occurs outside the facility; or supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution. For a person confined in a county jail who participates in a county jail industry program pursuant to section 5147.30
of the Revised Code, "detention" includes time spent at an assigned work site and going to and from the work site." (emphasis ours).
Appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Williams County Common Pleas Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
MELVIN L. RESNICK, J., JAMES R. SHERCK, J., and MARK L. PIETRYKOWSKI, J., concur.